Herbert E. Cottle
vs.                    No. 89393.
The Star Line, Inc.

May 13, 1933.

JOSLIN, J. Heard on motion of the defendant for a new trial after a verdict by the jury in favor of the plaintiff in the sum of $500.

The action is in relation to an accident which occurred on February 15, 1932. The plaintiff was operating a motorcycle in Providence and was proceedingly northerly on Charles Street between Orms Street and Randall Square. He was on the right side of the street and when he reached a point in the vicinity of a certain gasoline station, the defendant's automobile, proceeding in the same direction, passed him on his left. The plaintiff contends that as the defendant's automobile was passing him some part of the right side of the automobile struck the handle-bar of the motorcycle, causing the plaintiff to lose his control and balance. The motorcycle crashed to the ground and the plaintiff was injured.

The defendant's automobile was a seven-passenger Pierce-Arrow sedan which was being operated by Joseph Giroux. It contends that, as Giroux approached the motorcycle, he gave a timely signal by sounding the horn; that he passed to the left of the motorcycle; that the motorcycle skidded on the east rail of the north-bound car track, lost its balance and tipped over, and that there was no physical contact between the motorcycle and the sedan.

The highway at this point is nearly 40 feet in width and of macadam construction. It had been raining and the road was wet. The operators of the two vehicles testified. In addition each party produced one witness to the accident, both of whom appeared to be disinterested. The plaintiff's witness was a young man who was standing on the westerly sidewalk. He claimed to have seen both vehicles just before the accident. He stated there was a collision and that it was caused by the sedan cutting in to the right as it was passing the motorcycle. Defendant's witness was a man who was following the sedan in his own car. He asserted that the sedan passed the motorcycle with ample space between them; that there was no collision; and that the accident was caused by the skidding of the motorcycle. The testimony of the defendants' witness, however, was somewhat weakened by a contrary statement he made to the police immediately after the accident. He then said that he did not think there had been a collision.

The defendant and his witness testified there were no marks upon any part of the sedan. If this were true, it would seem to indicate that there had been no physical contact between the two vehicles. The jury either did not believe this testimony, or, believing it, concluded that what in all probability did happen was that the sedan passed the motorcycle so closely that the motorcycle was crowded and was forced suddenly to turn to its right, thereby losing its balance. This would account for no mark or sign on the sedan.

The question of liability was close. Upon a consideration of the whole case, however, the Court feels that there was evidence from which the jury might reasonably and properly find that the defendant was negligent.

The amount of the verdict, however, is not supported by the evidence and is excessive. The cost of repairs to the motorcycle was $42. The plaintiff is limited by his bill of particulars to

four weeks' loss of earnings. No medical expenses were proved.

Defendant's motion for a new trial is granted unless the plaintiff, within five days, remits so much of the verdict as is in excess of $400. If such remittitur be filed, the motion for a new trial is denied.

For plaintiff: Fergus J. McOsker.

For defendant: Edward J. McElroy.